UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ROY DAN NELSON, JR. #117003   )
                              )
v.                            )   NO. 2:05-CV-174
                              )
LINDA SWIFT, IRC; STEVE PAYNE, Sgt.;  )
HOWARD CARLTON, Warden; C/O   )
BENNETT, *et al.*             )

## MEMORANDUM and ORDER

This is a *pro se* prisoner's civil rights action filed under 42 *U.S.C.* § 1983. The plaintiff is **ASSESSED** the full filing fee of two hundred, fifty dollars ($250.00). The custodian of the plaintiff's inmate trust account at the facility wherein he resides is required to submit to the Clerk of Court, as an initial partial filing fee, twenty percent (20%) of the greater of:

(1) the average monthly deposits to the plaintiff's account or

(2) the average monthly balance in his account for the 6-month period immediately preceding the filing of the complaint on June 21, 2005.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding month's income (or income credited to his account for the preceding month) to the Clerk, but only when the monthly income exceeds ten dollars ($10.00), until the

$150.00 filing fee has been paid in full.[1]  28 U.S.C. § 1915(a) and (b)(1) and (b)(2).

The Clerk is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate accounts at the Northeast Correctional Complex, where the plaintiff is currently confined, and to the Commissioner of the Tennessee Department of Correction, Quinton I. White, to ensure compliance with the fee assessment procedures.

The complaint alleges that, without provocation on the part of the plaintiff, eight or ten correctional officers jumped on him as he was being escorted to the "hole" in handcuffs, threw him to the ground, and pushed his head into some concrete. Thereafter, the plaintiff was written up for assault and for threatening an employee. He denies assaulting the officers (he implies that it was the officers who assaulted him since he alleges he never offered any resistance) or threatening them (he alleges that he merely said, "No" to being handcuffed too tightly). The Court infers that the plaintiff is raising claims for the excessive use of force and that he was unjustly found guilty of the two infractions with which he was charged. For these alleged constitutional violations, he seeks to be released from maximum security, returned to the general population, to have his disciplinary write-up expunged, and to have his good-time credits reinstated.

Under 42 *U.S.C.* § 1997e(a), a prisoner may not bring a § 1983 civil rights action in federal court until such time as he shall have exhausted his available

---

[1] Send the payments to:
　　　　　Clerk, USDC
　　　　　220 W. Depot Street, Ste. 200
　　　　　Greeneville, TN 37743

administrative remedies. *See Brown v. Toombs*, 139 F.3d. 1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). Satisfaction of this requirement entails filing a grievance concerning each claim stated in the complaint. *See Northington v. DeForest*, 215 F.3d. 1327 (Table, text at 2000 WL 659260 *1 (6th Cir. May 11, 2000) (citing *Brown* and noting the lack of documentation showing prisoner had exhausted his administrative remedies as to "*each* of the claims raised in his complaint")). Exhaustion is mandatory and applies to all inmate suits about prison life, including general prison conditions and single incidents that affect only particular prisoners. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). A district court must enforce the exhaustion requirement *sua sponte*. *Brown, supra,* 139 F.3d at 1104.

      The plaintiff asserts in paragraph II of his complaint that there is a grievance procedure in existence at NECX, but that he did not present the facts relating to his claims through the grievance system because his claims are "not grievable" and because, though he asked if he could appeal his Disciplinary Board decision, he was told that it was too late. The plaintiff has supplied no specific factual allegations as support his allegation that his claims of excessive force cannot be brought in a grievance and, indeed, such claims are not excluded from consideration when raised in a grievance. *See* INMATE GRIEVANCE PROCEDURES, Policy #501.01.VI.G, <u>Matters Inappropriate to the Grievance Procedure</u> (May 1, 2004), available at http://www.state.tn.us/correction/pdf/501-01.pdf (as visited June 22, 2005). Moreover, an inmate may appeal his Disciplinary Board's decision within 15 days of his receipt of the written decision, though an appeal filed after that date, absent good cause, will be

denied automatically. *See* UNIFORM DISCIPLINARY PROCEDURES, Policy #502.02.VI.F.1.a, <u>Appeal for TDOC Institutions</u> (June 15, 2004), available at <u>http://www.state.tn.us/correction/pdf/502-01.pdf</u> (as visited June 22, 2005). At any rate, the type of general allegations concerning exhaustion of administrative remedies, such as the ones made by the plaintiff, are insufficient to satisfy the statutory requirements in § 1997e. *See Fitts v. Faghihnia*, 21 Fed.Appx. 243, 245, 2001 WL 1298837, *2 (6th Cir. Aug. 7, 2001).

However, even if the claims concerning his disciplinary proceedings were not administratively exhausted, it makes no difference. This is so because the plaintiff's contentions do not state a claim in the first place. *Brown*, 139 F.3d at 1104 (If the allegations fail to state a claim upon which relief may be granted, exhaustion need not be considered.). Where the duration of a prisoner's confinement is affected by a disciplinary conviction, he cannot bring a section 1983 action challenging that conviction until he has obtained a favorable termination of his disciplinary proceedings. See *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). *See also Wilkinson v. Dotson*, 125 S.Ct. 1242, 1248 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). This is the case here. The plaintiff's disciplinary proceedings resulted in the loss of good time credits; the loss of good time credits, undoubtedly, affects the length of his imprisonment;

and his disciplinary conviction still stands. Thus, at this time, the plaintiff fails to state a claim for relief under § 1983.

Accordingly, this action will be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

A separate order will enter.

**ENTER**:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE